IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY HANSLOVAN,<br><br>            Plaintiff,<br><br>vs.<br><br>RANDY BLADES, CORRECTIONAL MEDICAL SERVICES, JO-ELLIOT BLAKESLEE, DR. KENNEDY, DR. GLASEER; DR. STANDARD; JOSH TUCKET, RACHEL GOETZ, DR. APRIL DAWSON; and NURSE MARK,<br><br>            Defendants. | Case No. CV-08-100-S-BLW<br><br>**INITIAL REVIEW ORDER** |

Pending before the Court is the review of Plaintiff's Civil Rights Complaint (Complaint) to determine whether it is subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A.  Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis* (Docket No. 1).  After reviewing the Complaint, the Court has determined that Plaintiff will be authorized to proceed on his Eighth Amendment claims against the named Defendants.  The request for indigent filing status will also be granted.

**ORDER - 1**

## BACKGROUND

At the time the allegations in the Complaint arose, Plaintiff was an inmate in the custody of the IDOC. He was incarcerated at the medium security facility, ISCI. Plaintiff named the following Defendants in the Complaint: (1) former Warden Randy Blades; (2) Correctional Medical Services (CMS); (3) Dr. April Dawson; (4) Dr. Jo-Elliot Blakeslee; (5) Dr. Kennedy; (6) Dr. Glaseer; (7) Dr. Standard; (8) Pharmacist Josh Tucket; (9) Pharmacist Rachel Goetz; and (10) Nurse Mark.  *Complaint, Docket No. 3*, p. 2-3.

Plaintiff alleges that when the inmate population at ISCI increased, there was a rise in violent assaults and inadequate medical care. He claims that former Warden Blades knew that the increase in the inmate population would require the allocation of more correctional officers to protect inmates from assaults. Warden Blades also allegedly knew that the population increase would mean that CMS could not meet the medical needs of inmates. He also alleges that he warned prison staff that other inmates were going to assault him, but they took no actions to protect him. *Id.*, p. 4.

On October 19, 2007, Plaintiff was assaulted by three inmates on a walkway at ISCI. He was knocked unconscious and began bleeding from his ear and his eye. He claims that the assault occurred during the day, but it went unnoticed by

correctional officers.  He also alleges that the assault was witnessed by medical staff, but they failed to provide assistance immediately after the assault.  Plaintiff claims that he returned to his unit, and he was taken back to the medical unit and "locked in a room for more than twelve (12) hours before he was finally seen by a doctor."  *Id.*, p. 4.

Plaintiff claims that he continually requested medical attention during the time he was locked in a room, and that he informed CMS staff about his "severe pain, blindness, slipping in-and-out of consciousness, and hearing voices."  *Id*.  He alleges that the right side of his head was bruised from the bottom of his jaw to the top of his skull.  When he requested pain medication to relieve his symptoms, no one in the medical unit responded to the request.  Finally, Dr. Kennedy examined Plaintiff and allegedly determined that Plaintiff had experienced severe head trauma.  After the examination, Plaintiff still did not receive any pain medication.  Approximately three hours later, Plaintiff was transported to St. Alphonsus Medical Center.  A physician at St. Alphonsus informed Plaintiff that he had a detached retina, along with other trauma to his eye and head.  *Id.*, p. 5.

Plaintiff claims that he was transported to the Salt Lake Medical Center two days later.  The eye surgeon who examined him stated that a retinal repair surgery had to be performed within eight hours from the injury, and he allegedly refused to

**ORDER - 3**

perform the surgery because too much time had elapsed.  Plaintiff lost the vision in his right eye, and he claims that he suffered severe pain and other psychological trauma.  He further alleges that his right eye will have to be removed as a result of the injury.  *Id*., p. 5-6.

Plaintiff returned to the medical unit at ISCI, and he claims that the Defendants failed to follow the orders from the eye surgeon for pain medication, prescription eye drops, and other treatment for his eye.  Defendants allegedly "interfered, delayed, and denied plaintiff's prescribed treatment by a doctor."  *Id*., p. 6.  He further alleges that the conditions in the medical unit were "filthy," and he could not get his clothes cleaned for the six weeks he was there.  He also claims that the medical unit was understaffed, and thus, inmates received inadequate care.  He also asserts that his medication was always administered late and sometimes not at all.  *Id.*

Plaintiff claims that Warden Blades failed to protect him from inmate assaults by increasing the inmate population in violation of the Eighth Amendment.  He claims that the CMS medical providers violated his Eighth Amendment rights through their deliberate indifference to his serious eye condition and head trauma.  The Complaint states that Plaintiff exhausted his administrative remedies available through the prison grievance system.  Finally, he requests an award of declaratory

ORDER - 4

relief and compensatory damages.

## REVIEW OF COMPLAINT

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### Eighth Amendment – Failure to Provide Medical Care

For an inmate to state a claim under § 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)). The Supreme Court has stated that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.*

The Ninth Circuit has defined a "serious medical need" in the following

ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Mere indifference, medical malpractice, or negligence also will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

Plaintiff must also demonstrate either that the Defendants personally

participated in the decisions regarding Plaintiff's medical care, or that, as a supervisor, he or she directed, or knew of and failed to prevent, the actions causing Plaintiff's damages or injuries. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no respondeat superior liability under § 1983. *Id*.

Based on the allegations in the Complaint, Plaintiff will be authorized to proceed with his medical claims against Defendants CMS, Dr. Blakeslee, Dr. Kennedy, Dr. Glaseer, Dr. Standard, Josh Tucket, Rachel Goetz, and Nurse Mark. The Clerk of Court will be directed to send a waiver of service of summons to counsel for CMS and its employees.

**Eighth Amendment – Failure to Protect**

Plaintiff alleges that former Warden Blades was deliberately indifferent to his physical safety based on the increased inmate population at ISCI and the inadequate number of medical personnel at ISCI. He claims that he warned prison officials that he was going to be assaulted, and that his complaints were ignored. The Complaint does not specifically allege that Warden Blades was aware of the warnings about the assault against Plaintiff, but it appears that he is linking Warden Blades to the overall danger arising from the increased inmate population at ISCI. Although this may pose a causation issue in the claim against Warden Blade, the Court will construe the allegations liberally, and allow Plaintiff to

**ORDER - 7**

proceed with the Eighth Amendment claim at this point in the case. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994)(recognizing a Plaintiff's claim that he was incarcerated under conditions posing a substantial risk of serious harm). The Clerk of Court will be directed to send a waiver of service of summons to counsel for Warden Blades.

Finally, the Court has reviewed Plaintiff's request for indigent filing status, and it finds that good cause exists to grant the Motion for *in Forma Pauperis* filing status.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants shall be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If Defendants choose to waive service, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(B). Accordingly, the Clerk of Court shall forward a copy of the Complaint (Docket No. 3), a copy of this Order, and a Waiver of Service of Summons on behalf of Defendants CMS, Dr. Blakeslee, Dr. Kennedy, Dr. Glaseer, Dr. Standard, Josh Tucket, Rachel Goetz, and Nurse Mark to the following address:

John J. Burke
HALL, FARLEY, OBERRECHT & BLANTON, P.A.
702 West Idaho, Suite 700
P.O. Box 1271
Boise, ID 83701.

The same set of documents shall be sent on behalf of Warden Blades to counsel for the IDOC at the following address:

Paul Panther, Deputy Attorney General
Idaho Department of Correction
1299 North Orchard, Ste. 110
P.O. Box 83720
Boise, Idaho 83720-0018.

IT IS FURTHER HEREBY ORDERED that Plaintiff's request for *in Forma Pauperis* filing status (Docket No. 1) is GRANTED.

DATED: **July 24, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge